IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

PHILLIP MIZRACH,                     *

    Plaintiff,                       *

       v.                           *       CIVIL NO.: WDQ-11-1153

UNITED STATES OF AMERICA,            *

    Defendant.                       *

    *    *    *    *    *    *    *    *    *    *    *    *    *

MEMORANDUM OPINION

Phillip Mizrach, *pro se* and as personal representative of the estate of Abraham I. Kurland, sued the United States for medical malpractice. For the following reasons, the Court will grant the Government's motion to dismiss and deny Mizrach's motion to reopen and consolidate.[1]

I. Background[2]

On April 14, 2003, Kurland was admitted to the Baltimore Veterans Affairs Medical Center (the "VA Hospital") for a urinary tract infection and gastrointestinal problems. Compl. ¶

---

[1] The Court will also grant Mizrach's motion to file a surreply. Mizrach raised his motion to reopen in his opposition to the Government's motion to dismiss. *See* ECF No. 14. Thus, the Court will treat his surreply as a reply to the Government's opposition to his motion to reopen.

[2] For the Government's motion to dismiss, the well-pled allegations in Mizrach's complaint are accepted as true. *See* *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

12.  On May 3, 2003, after "suffering in pain and moaning for

hours," Kurland was found dead with a "copious, thin brown/red"

discharge in his throat.  Compl. ¶ 12.  The source of his

abdominal problems was never identified or treated.  Compl. ¶

12.

On May 2, 2005, Mary Kurland, Kurland's sister and personal

representative of his estate, filed an administrative tort claim

with the Department of Veterans Affairs (the "VA"), alleging

that Kurland's medical providers had negligently caused his

death.  ECF No. 10, Ex. 1.  On February 7, 2008, the VA issued

its final decision denying the claim.  *See* Compl., Ex. A.  The

notice said:

> [i]f you are dissatisfied with the action taken on
> your claim, you may file suit in accordance with the
> Federal Tort Claims Act, sections 1346(b) and 2671-
> 2680, title 28, United States Code, which provides, in
> effect, that a tort claim which is administratively
> denied may be presented to a Federal district court
> for judicial consideration.  Such a suit must be
> initiated, however, within 6 months after the date of
> the mailing of this notice of final denial as shown by
> the date of this letter (section 2401(b), title 28,
> United States Code).  If you decide to initiate such a
> suit, you are further advised that the proper party
> defendant would be the United States, not VA.

*Id.*

On August 5, 2008, Kurland's nephew Mizrach[3] filed a
survival action against the Government in this Court, alleging
that the VA Hospital staff was negligent in treating Kurland.
*See* ECF No. 1, *Mizrach v. United States*, Case No. AMD-08-2030
[hereinafter *Mizrach I*].  The Government moved to dismiss,
arguing that Mizrach's lawsuit was premature because he had not
presented his claims to Maryland's Health Claims Alternative
Dispute Resolution Office (the "Maryland ADR Office"), or filed
an expert's certificate that Kurland's medical providers had
departed from the standard of care.[4]  ECF No. 5-1, at 1-2, Case
No. AMD-08-2030.  On February 17, 2009, then District Judge
Andre Davis denied Mizrach's motion to stay the proceedings, and
dismissed the case without prejudice because of Mizrach's
failure to exhaust his remedies.  ECF Nos. 20-21, Case No. AMD-
08-2030.  Judge Davis denied Mizrach's motion to alter the
judgment, and the Fourth Circuit affirmed in a judgment that
took effect on February 3, 2010.[5]

---

[3] Mary Kurland died on October 31, 2006, and Mizrach became
personal representative of Abraham Kurland's estate.  Compl. ¶¶
4-5.

[4] These steps are required under Maryland's Health Care
Malpractice Claims Act, Md. Code Ann., Cts. & Jud. Proc. §§ 3-
2A-01 *et seq.*

[5] ECF No. 23, Case No. AMD-08-2030; *Mizrach ex rel. Estate of
Kurland v. United States*, 334 F. App'x 571, 572 (4th Cir. Oct.
23, 2009) (per curiam); ECF No. 30, Case No. AMD-08-2030 (Fourth

On February 25, 2010, Mizrach filed a claim with the
Maryland ADR Office.  Compl. ¶ 1.  On May 25, 2010, he filed an
expert's certificate stating that Kurland's medical providers
had failed to comply with the appropriate standard of care.
Compl., Ex. C ¶ 2.

On June 28, 2010, the Supreme Court denied Mizrach's
petition for certiorari in *Mizrach I*.  *Mizrach v. United States*,
130 S. Ct. 3516 (2010).

On March 1, 2011, Mizrach waived arbitration in the state
proceeding.  Compl. ¶ 1.  On March 2, 2011, the Maryland ADR
Office issued an order allowing Mizrach to file his claim in
federal court.  Compl., Ex. D.[6]

On May 2, 2011, Mizrach brought this survival action,
alleging that Kurland's medical providers were negligent.  On
August 22, 2011, the Government moved to dismiss under Fed. R.
Civ. P. 12(b)(1) for lack of subject matter jurisdiction.  ECF
No. 10.  On September 27, 2011, Mizrach opposed the motion, and
moved to reopen *Mizrach I* and consolidate it with this case.
ECF No. 14.  On November 18, 2011, the Government filed its
reply supporting the motion to dismiss, and opposed Mizrach's

_____

Circuit mandate stating that the October 23, 2009 judgment took
effect on February 3, 2010).

[6] Under Maryland law, Mizrach had 60 days to file a complaint and
a copy of his arbitration waiver.  *See* Md. Code Ann., Cts & Jud.
Proc. § 3-2A-06B(f)(1).

motion to reopen and consolidate.  ECF No. 19.[7]  On November 29, 2011, Mizrach moved to file a surreply to the motion to dismiss.  ECF No. 21.  On December 6, 2011, the Government opposed that motion, ECF No. 23, and Mizrach filed a reply on December 21, 2011, ECF No. 24.  On January 11, 2012, Mizrach filed a reply in support of his motion to reopen and consolidate,[8] and a surreply to the motion to dismiss.  ECF No. 27.

II. Analysis

  A. Motion to Dismiss for Lack of Subject Matter

    The Government argues that the Court lacks subject matter jurisdiction because Mizrach waited more than 180 days to sue after the February 7, 2008 denial of the administrative claim.  ECF No. 10 at 1.

    1. Standard of Review

    Mizrach bears the burden of proving subject matter jurisdiction.  *See Piney Run Pres. Ass'n v. Cnty. Comm'rs of Carroll Cnty.*, 523 F.3d 453, 459 (4th Cir. 2008).  When, as here, a Rule 12(b)(1) motion challenges the sufficiency of the plaintiff's allegations -- not their truth -- the allegations are assumed to be true, and "the plaintiff, in effect, is

---

[7] All the motions, responses, and replies were timely, because the Court had extended the filing deadlines.  *See* ECF Nos. 8, 13, 18.

[8] The reply was timely, because the Court had given Mizrach until January 11, 2012, to file it.  ECF No. 26.

afforded the same procedural protection as he would receive" on a motion to dismiss "under . . . Rule 12(b)(6)." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). "[T]he facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Id.*

2. The Government's Motion

The Government contends that the Federal Tort Claims Act (the "FTCA")[9] required Mizrach to file this action within six months of receiving the denial of the administrative claim.  ECF No. 10-1 at 3-5.  Because he did not, the Government argues that this Court lacks subject matter jurisdiction.  *Id.*

Mizrach counters that the lawsuit is timely because the case "derives from and is linked to" *Mizrach I*, the filing of *Mizrach I* complied with the six-month rule, and the "limitations period was suspended" when he filed his claim in the Maryland ADR Office.  ECF No. 14-1 at 6-9.  Alternatively, he argues that the Court should deny the Government's motion under theories of equity or due process, because the Government misled him by telling him to sue in federal court without mentioning the requirements of Maryland's Health Care Malpractice Claims Act. *Id.* at 11-16.  He also contends that the lawsuit should not be dismissed before discovery.  *Id.* at 20-24.

---

[9] 28 U.S.C. §§ 1346(b), 2401(b).

a. Time Limits Under the FTCA are Jurisdictional

The FTCA is a limited waiver of the Government's immunity
to lawsuits, allowing claims "only on terms and conditions
strictly prescribed by Congress." *Gould v. U.S. Dep't of Health
& Human Servs.*, 905 F.2d 738, 741 (4th Cir. 1990).  One such
condition involves the timing of lawsuits.  Under the FTCA, a
tort claim against the Government "shall be forever barred
unless . . . action is begun within six months" after the
relevant federal agency denies the administrative claim.  28
U.S.C. § 2401(b).

"There is a subtle distinction between typical statutes of
limitations and the time limit established by § 2401(b)."
*McKewin v. United States*, 7 F.3d 224 (table), 1993 WL 389568, at
*1 (4th Cir. 1993) (per curiam).  "A statute of limitations is a
deadline which, after a specified period of time, bars an
otherwise valid cause of action." *Id.*  Generally, statutes of
limitations are subject to rules of forfeiture, waiver, and
equitable tolling. *See John R. Sand & Gravel Co. v. United
States*, 552 U.S. 130, 133 (2008).

By contrast, the FTCA time limit is "jurisdictional and
nonwaivable."[10]  It "represents a deliberate balance struck by

---

[10] *Gould*, 905 F.2d at 741. *See also* 3-14 Lester S. Jayson & Hon.
Robert C. Longstreth, *Handling Federal Tort Claims*, § 14.01
(because the FTCA's time limitation is "a substantive condition

7

Congress whereby a limited waiver of sovereign immunity is
conditioned upon the prompt presentation of tort claims against
the government." *Gould*, 905 F.2d at 741. Thus, expiration of
the six-month period "causes that restricted right of action to
dissipate," and "extensions and tolls typically applicable to
statutes of limitations cannot lengthen the § 2401(b) period."[11]

The Court lacks jurisdiction over Mizrach's lawsuit. The
VA issued its final denial of his administrative claim on
February 7, 2008. *See* Compl., Ex. A. Mizrach filed this action
on May 2, 2011 -- more than three years later. ECF No. 1.
Because he did not file the action within six months of the VA's

---

of the United States' waiver of immunity," it is not "a true
statute of limitations").

[11] *See McKewin*, 1993 WL 389568, at *1. Equitable tolling applies
only in "exceptional circumstances," as when "the untimely
filing resulted from the Defendant's fraudulent concealment or
misrepresentation or from the Plaintiff's inadvertently
defective filings during the statutory period." *Id.* at n.1.
Equitable tolling does not apply "where the claimant failed to
exercise due diligence in preserving his legal rights." *Id.*
(internal citation and quotation marks omitted). Here, Mizrach
failed to timely file because he misunderstood Maryland's Health
Care Malpractice Claims Act, and its applicability to FTCA
actions. *See* ECF No. 14-1 at 5 ("[Mizrach] could not reconcile
that Maryland seemingly had no jurisdiction over a claim over
the sovereign," and believed that the FTCA "preempt[ed] the
Maryland arbitration statute"). But "[a] plaintiff's failure to
exhaust cannot be excused by his ignorance of the law." *Napier
v. Laurel County*, 636 F.3d 218, 222 n.2 (6th Cir. 2011).
Because Mizrach failed to exercise due diligence in preserving
his legal right, he is not entitled to equitable tolling. *See
Irwin v. Dept' of Veterans Affairs*, 498 U.S. 89, 96 (1990).

8

denial, his claim is "forever barred."[12]

       b. Maryland Statutes of Limitations Do Not Apply

Mizrach insists that he filed the lawsuit within the
appropriate time limit.  Citing the "law of the case" doctrine,
he contends that Maryland limitations law applies.[13]  He argues
that after the Court dismissed *Mizrach I*, he had whatever time
remained under the Maryland statute of limitations when the case
was filed in federal court, plus 30 days, to file another
lawsuit.  ECF No. 14-1 at 6-7 (citing *Turner v. Kight*, 957 A.2d
984 (Md. 2008)).  Thus, he contends that he complied with §
2401(b) because he filed *Mizrach I* within six months of the VA's
final denial, he filed his claim with the Maryland ADR Office
within 30 days of the Fourth Circuit's mandate affirming
dismissal of *Mizrach I*, and the state claim is connected to this
lawsuit.  *Id.*

His argument is incorrect. First, the law of the case does
not apply.  "The law of the case doctrine posits that when a

---

[12] *See* 28 U.S.C. § 2401(b).  *See also Tapia-Ortiz v. United
States*, 79 F. App'x 465, 467 (2d Cir. 2003) ("Strict enforcement
of a filing deadline can appear harsh and arbitrary to
individuals who fall just on the other side, but where, as in
the case of the FTCA, the filing deadline is integral to waiver
of sovereign immunity, even a one-day delay deprives the court
of subject matter jurisdiction.") (internal citations and
quotation marks omitted).

[13] He argues that the Court in *Mizrach I* found that substantive
aspects of Maryland law (i.e., the requirement to present the
claim to the Maryland ADR Office) governed that case and, thus,
must govern this case.  ECF No. 14-1 at 5-6.

court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages *in the same case.*[14]  This case is not *Mizrach I*, which the Court dismissed without prejudice.

Second, even if the law of the case had applied, Maryland's statute of limitations law would not.  Mizrach brought his claim under the FTCA, a federal statute with express jurisdictional time limits.  *See supra* Part II.A.2.a.  "[T]he limitations period for suits brought under the FTCA is provided by federal law."[15]

The FTCA action did not become a state law claim merely because Maryland law informed the Court's analysis.  "A plaintiff has an FTCA cause of action against the government only if she would also have a cause of action under state law against a private person in like circumstances."  *Miller v. United States*, 932 F.2d 301, 303 (4th Cir. 1991) (*citing* 28 U.S.C. § 1346(b)).  Thus, "state law determines whether there is an underlying cause of action; but federal law defines the limitations period and determines when that cause of action

---

[14] *L.J. v. Wilbon*, 633 F.3d 297, 308 (4th Cir. 2011) (emphasis added) (internal citation and quotation marks omitted).

[15] *Kerstetter v. United States*, 57 F.3d 362, 367 (4th Cir. 1995). *Accord Rush v. Lock*, 19 F. App'x 416, 418 (7th Cir. 2001) ("Federal law, not state law, governs the statute of limitations for the FTCA.") (*citing Goodhand v. United States*, 40 F.3d 209, 213 (7th Cir. 1994)).

accrued." *Miller v. United States*, 932 F.2d 301, 303 (4th Cir. 1991).[16]

That Mizrach here raises the allegations he raised in *Mizrach I* does not mean that he has complied with the federal six-month time limit. "[A] dismissed case must be re-filed within the time mandated by the statute of limitations." *Johnson v. Oldcastle Precast, Inc.*, 522 F. Supp. 2d 739, 741 (D. Md. 2007). Thus, dismissal "without prejudice" "does not mean 'without consequence.'"[17] Because Mizrach failed to file *this* lawsuit within the FTCA's six-month limit, the Court lacks subject matter jurisdiction.[18]

c. Equitable Principles Do Not Apply

To the extent that his filing is untimely, Mizrach urges the Court to deny the Government's motion to dismiss under

---

[16] As a result, Mizrach's reliance upon *Turner* is unavailing. That case addressed the tolling of limitations for a *state* claim while the plaintiff pursued federal claims in this Court. *Turner*, 957 A.2d at 170-72. Here, there is only a federal claim.

*Swam v. Upper Chesapeake Med. Ctr., Inc.* is also unhelpful to Mizrach. *Swam* addressed the tolling of limitations of a medical malpractice claim against a private party when the plaintiff filed her claim in the wrong forum. 919 A.2d 33 (Md. 2007). The case did not involve an FTCA claim.

[17] *Braithwaite v. Johns Hopkins Hosp.*, 160 F.R.D. 75, 78 (D. Md. 1995) (internal citation and quotation marks omitted).

[18] *See, e.g., Goff v. United States*, 659 F.2d 560, 561-62 (5th Cir. 1981) (per curiam) (district court lacked jurisdiction in re-filed FTCA case because it was filed more than six months after the denial of the administrative claim).

equitable principles.  He argues that the Government caused him to miss the deadline by telling him to file his suit in federal court but not mentioning the requirements of Maryland's Health Care Malpractice Claims Act.  ECF No. 14-1 at 10-16.  Thus, he argues that the Government "should be barred by equitable estoppel, fraud, lack of 'clean hands,' and waiver from opposing" his lawsuit.  *Id.* at 13.

"To estop the Government, a party must show affirmative misconduct by government agents."[19]  This is a "rigorous" standard, which requires more than a showing that "a government agent misinformed [the party] of the proper method of filing a complaint."[20]  Mizrach's allegation that the Government misinformed him of the prerequisites to filing suit is not "a proper basis for estoppel."  *Austin*, 286 F. App'x at 38.

Mizrach also has not shown that the Government committed fraud.  Under federal law, "fraud is the knowing misrepresentation of a material fact, or concealment of the same *where there is a duty to disclose*, done to induce another to act

---

[19] *Austin v. Winter*, 286 F. App'x 31, 38 (4th Cir. 2008) (per curiam) (*citing Dawkins v. Witt*, 318 F.3d 606, 611 (4th Cir. 2003)).

[20] *Austin*, 286 F. App'x at 38.  *See also Dawkins*, 318 F.3d at 611 ("The Supreme Court has consistently denied efforts by litigants to estop the government from raising defenses based on claim-ants' failure to comply with governmental procedures due to misinformation from government agents.").

to his or her detriment."[21]   Here, the Government had no duty to
inform Mizrach of the requirements of Maryland's Health Care
Malpractice Claims Act.   Federal regulations required only that,
in denying an administrative claim, the VA inform a claimant of
his right to file a lawsuit "in an appropriate U.S. District
Court not later than 6 months after the date" of the denial.   28
C.F.R. § 14.9(a).   The VA did this.   *See* Compl., Ex. A.[22]

Were waiver possible,[23] it would not apply here.   A
defendant waives its right to assert a statute of limitations
defense by failing to raise limitations in its answer. *Eriline
Co. S.A. v. Johnson*, 440 F.3d 648, 653-54 (4th Cir. 2006).
Here, the Government raised the lateness of Mizrach's complaint
at its first opportunity -- the motion to dismiss.

The doctrine of unclean hands also does not apply, because
the Government did not seek equitable relief in its motion to
dismiss.[24]

---

[21] *Info-Hold, Inc. v. Sound Merchandising, Inc.*, 538 F.3d 448,
456 (6th Cir. 2008) (emphasis added).

[22] The Court also rejects Mizrach's argument that the Government
should be estopped for failing to "amend the [regulatory]
requirement, or to supplement it when it is known to be
misleading." *See* ECF No. 14-1 at 12.   Mizrach has provided no
legal support for this contention.

[23] *Gould*, 905 F.2d at 741 (FTCA's time limits are "jurisdictional
and nonwaivable").

[24] "Unclean hands bars a party from receiving equitable relief
because of that party's own inequitable conduct." *Food Lion,*

In summary, the Court lacks jurisdiction over Mizrach's complaint, because he failed to file it within six months of the denial of his administrative claim and no equitable principles provide for tolling.[25]

>    d. Mizrach Has Not Properly Raised a Due Process Claim

Mizrach argues that the Court should deny the Government's motion to dismiss because the VA's "misleading letter" deprived him of "a substantial interest in his property." ECF No. 14-1 at 18-19. But this constitutional claim is not properly before the Court. "It is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss."[26] Mizrach did not make this constitutional allegation in his complaint, and the Court will not consider it now.

>  B. Motion to Reopen

Mizrach has moved the Court to reopen *Mizrach I* under Fed. R. Civ. P. 60(b) and (d). ECF No. 14 at 4. Neither provision

---

*Inc. v. S.L. Nusbaum Ins. Agency, Inc.*, 202 F.3d 223, 228 (4th Cir. 2000) (doctrine did not apply when parties did not request equitable relief).

[25] Because no equitable principles apply, the Court need not wait until Mizrach can "more fully develop the record" to rule on the motion to dismiss. *See* ECF No. 14-1 at 20-24.

[26] *Coleman v. Pension Benefit Gaur. Corp.*, 94 F. Supp. 2d 18, 24 n.8 (D.D.C. 2000) (*quoting Morgan Distrib. Co. v. Unidynamic Corp.*, 868 F.2d 992, 995 (8th Cir. 1989)). *See also Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984) ("consideration of a motion to dismiss is limited to the pleadings").

entitles him to relief.

    1. Rule 60(b)

    Under Fed. R. Civ. P. 60(b), a party may seek relief from a final judgment or order by showing "timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances."[27]  He must also establish at least one ground for relief listed in Rule 60(b)'s six subsections: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) a void judgment; (5) satisfaction, release, or discharge; or (6) any other reason justifying relief.  *Dowell*, 993 F.2d at 48.  Any Rule 60(b) motion must be made within a "reasonable time," and, for reasons (1) through (3), never more than a year after entry of a judgment or order.  Fed. R. Civ. P. 60(c).

    Mizrach apparently seeks to reopen *Mizrach I* under subsections (3) and (6).[28]  Neither is a basis for relief.

    Mizrach's motion under subsection (3) -- alleging fraud, misrepresentation, or misconduct by the Government -- is untimely.  Final judgment in *Mizrach I* was entered on February

---

[27] *Hale v. Belton Assocs., Inc.*, 305 F. App'x 987, 988 (4th Cir. 2009) (*quoting Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993)).

[28] His motion to reopen cites only Rule 60(b), *see* ECF No. 14 at 4, but his reply to the Government's opposition cites subsections (3) and (6), *see* ECF No. 27 at 12, 15.

17, 2009.  ECF No. 21, Case No. AMD-08-2030.  Mizrach did not file his motion to reopen the case until September 27, 2011 -- more than two years later.  ECF No. 14.  Although Mizrach appealed the Court's decision in *Mizrach I*, a pending appeal does not toll the one-year limit of Rule 60(c).[29]

Had Mizrach timely filed his Rule 60(b)(3) motion, it would have failed on the merits.  The Government did not commit fraud. *See supra* Part II.A.2.c.  Moreover, granting relief from judgment under Rule 60(b) is discretionary.[30]  Plaintiffs have "the responsibility to properly file a claim" and federal agencies should not "be forced to investigate the suits."[31] Mizrach's failure to adequately investigate the prerequisites to filing suit does not entitle him to relief under Rule 60(b). *See Henderson*, 785 F.2d at 125.

Subsection (6) is not a basis for relief.  A motion under subsection (6) must not rely on one of the grounds enumerated in

---

[29] *See Smith v. Ray*, Case No. 2:08-cv-281, 2011 WL 4634183, at *2 (E.D. Va. Sept. 13, 2011); *Wilder v. Irvine*, Case No. 6:08-cv-00020, 2009 WL 3665843, at *2 (W.D. Va. Nov. 3, 2009).  *Accord Fed. Land Bank of St. Louis v. Cupples Bros.*, 889 F.2d 764, 766 (8th Cir. 1989); *Hancock Indus. v. Schaeffer*, 811 F.2d 225, 239 (3d Cir. 1987); *Carr v. District of Columbia*, 543 F.2d 817, 925-26 (D.C. Cir. 1976); *Transit Cas. Co. v. Sec. Trust Co.*, 441 F.2d 788, 791 (5th Cir. 1971).

[30] *See Agostini v. Felton*, 521 U.S. 203, 238 (1997).

[31] *Henderson v. United States*, 785 F.2d 121, 125 (4th Cir. 1986). *See also* 12-60 *Moore's Federal Practice*, § 60.43 (Matthew Bender 3d ed.) (the Court "should not reward the . . . litigant who did not adequately investigate his or her case").

subsections (1) through (5).   *Liljeberg v. Health Servs.*
*Acquisition Corp.*, 486 U.S. 847, 863 (1988).   Mizrach's argument
focuses solely on alleged fraud, to which subsection (3)
applies.   Accordingly, subsection (6) offers no relief.

    2. Rule 60(d)

    Mizrach also argues that the Court should reopen *Mizrach I*
under Rule 60(d).   Section (d) provides that Rule 60 does not
limit a court's power to

> (1) entertain an independent action to relieve a party
> from a judgment, order, or proceeding;
>
> (2) grant relief under 28 U.S.C. § 1655 to a defendant
> who was not personally notified of the action; or
>
> (3) set aside a judgment for fraud on the court.

It does not require reopening *Mizrach I*.

    To the extent that Mizrach intends his request for relief
to be an independent action in equity, such an action is
"available only to prevent a grave miscarriage of justice."
*United States v. Beggerly*, 524 U.S. 38, 47 (1998).   It cannot
proceed if the plaintiff shows no more than grounds for relief
under Rule 60(b)(3),[32] and Mizrach has failed to show that.   *See*
*supra* Part II.B.1.

---

[32] "If relief may be obtained through an independent action . . .
where the most that may be charged against the Government is a
failure to furnish relevant information that would at best form
the basis for a Rule 60(b)(3) motion, the strict 1-year time
limit on such motions would be set at naught." *Beggerly*, 524
U.S. at 46.

Subsections (2) and (3) also provide no aid to Mizrach. He is not a defendant who failed to receive notice of a lien on property, *see* Fed. R. Civ. P. 60(d)(2), nor has he shown fraud on the Court, *see id.* at (3). The doctrine of fraud on the court

> embraces only that species of fraud which does, or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication, such as a lawyer's subornation of perjury.[33]

Mizrach has failed to show fraud that threatens the integrity of the Court. *See Asterbadi*, 176 F. App'x at 430. Accordingly, the Court will deny his motion to reopen *Mizrach I*.

III. Conclusion

For the reasons stated above, the Court will grant the Government's motion to dismiss and Mizrach's motion to file a surreply, and deny Mizrach's motion to reopen and consolidate.

2/6/12
Date

William D. Quarles, Jr.
United States District Judge

---

[33] *Asterbadi v. Leitess*, 176 F. App'x 426, 430 (4th Cir. 2006) (internal quotation marks omitted) (*citing Great Coastal Express, Inc. v. Int'l Bhd. of Teamsters*, 675 F.2d 1349, 1356 (4th Cir. 1982)).