IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

PHILLIP MIZRACH,

    Plaintiff,

v.                                 CIVIL NO.: WDQ-11-1153

UNITED STATES OF AMERICA,

    Defendant.

MEMORANDUM OPINION

Phillip Mizrach, *pro se* and as personal representative of the estate of Abraham I. Kurland, sued the United States for medical malpractice.[1] Pending is Mizrach's "motion to allow supplemental pleading to be filed in *Mizrach I* and for the complaint to be amended thereby pursuant to Rule 15, for relief from judgment pursuant to Rule 60(b) in both *Mizrach I* and *II* based on new controlling Supreme Court law . . ., [and] to reopen and consolidate both cases." ECF No. 44.[2] For the following reasons, Mizrach's motion will be denied.

I. Background

On April 14, 2003, Kurland was admitted to the Baltimore Veterans Affairs Medical Center (the "VA Hospital") for

---

[1] Mizrach has filed two suits against the government: *Mizrach v. United States*, Civil No. AMD-08-2030 ("*Mizrach I*"); *Mizrach v. United States*, Civil No. WDQ-11-1153 ("*Mizrach II*").

[2] Unless otherwise identified, citations are to electronic filings in *Mizrach II*, the suit assigned to this Court.

treatment of a urinary tract infection and gastrointestinal problems. ECF No. 1 ¶ 12. On May 3, 2003, after "suffering in pain and moaning for hours," Kurland was found dead with a "copious, thin brown/red" discharge in his throat. *Id.* The source of his abdominal problems was never identified or treated. *Id.*

On May 2, 2005, Mary Kurland, Kurland's sister and personal representative of his estate, filed an administrative tort claim with the Department of Veterans Affairs (the "VA"), alleging that Kurland's medical providers had negligently caused his death. ECF No. 10, Ex. 1. On February 7, 2008, the VA issued its final decision denying the claim. *See* ECF No. 1, Ex. A. The notice said:

> [i]f you are dissatisfied with the action taken on your claim, you may file suit in accordance with the Federal Tort Claims Act, sections 1346(b) and 2671-2680, title 28, United States Code, which provides, in effect, that a tort claim which is administratively denied may be presented to a Federal district court for judicial consideration. Such a suit must be initiated, however, within 6 months after the date of the mailing of this notice of final denial as shown by the date of this letter (section 2401(b), title 28, United States Code). If you decide to initiate such a suit, you are further advised that the proper party defendant would be the United States, not VA.

*Id.*

On August 5, 2008, Kurland's nephew Mizrach[3] filed a survival action against the government in this Court, alleging that the VA Hospital staff has been negligent in treating Kurland. *See Mizrach I*, ECF No. 1. The government moved to dismiss, arguing that Mizrach's lawsuit was premature because he had not presented his claims to Maryland's Health Claims Alternative Dispute Resolution Office (the "Maryland ADR Office"), or filed an expert's certificate that Kurland's medical providers had departed from the standard of care.[4] *Mizrach I*, ECF No. 5-1, at 1-2. On February 17, 2009, then District Judge Andre Davis denied Mizrach's motion to stay the proceedings, and dismissed the case without prejudice because of Mizrach's failure to exhaust his remedies. *Mizrach I*, ECF Nos. 20-21. On March 11, 2009, Judge Davis denied Mizrach's motion to alter the judgment; the Fourth Circuit affirmed in a judgment that took effect on February 3, 2010.[5]

---

[3] Mary Kurland died on October 31, 2006, and Mizrach became personal representative of Abraham Kurland's estate. ECF No. 1 ¶¶ 4-5.

[4] These steps are required under Maryland's Health Care Malpractice Claims Act, Md. Code Ann., Cts. & Jud. Proc. §§ 3-2A-01 *et seq*.

[5] *See Mizrach I*, ECF No. 23; *Mizrach ex rel. Estate of Kurland v. United States*, 334 F. App'x 571, 572 (4th Cir. 2009) (unpublished) (per curiam); *Mizrach I*, ECF No. 29 (Fourth Circuit Order denying petition for rehearing *enbanc*); *Mizrach I*, ECF No. 30 (Fourth Circuit Mandate); *see also Mizrach v. United States*, 561 U.S. 1027, 130 S. Ct. 3516, 177 L. Ed. 2d 1093

On February 25, 2010, Mizrach filed a claim with the Maryland ADR Office. ECF No. 1 ¶ 1. On May 25, 2010, he filed an expert's certificate stating that Kurland's medical providers had failed to comply with the appropriate standard of care. *Id.*, Ex. C ¶ 2.

On March 1, 2011, Mizrach waived arbitration in the state proceeding. *Id.* ¶ 1. On March 2, 2011, the Maryland ADR Office issued an order allowing Mizrach to file his claim in federal court. *Id.*, Ex. D.[6]

On May 2, 2011, Mizrach brought this survival action, alleging that Kurland's medical providers were negligent. ECF No. 1. The government moved to dismiss under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. ECF No. 10. Mizrach moved to reopen *Mizrach I* and consolidate it with *Mizrach II*. ECF No. 14. On February 7, 2012, the Court granted the government's motion and denied Mizrach's motion. ECF No. 29.[7] On July 10, 2012, the Court denied Mizrach's motion to

---

(2010) (U.S. Supreme Court's June 28, 2010 denial of Mizrach's petition for writ of certiorari).

[6] Under Maryland law, Mizrach had 60 days to file a complaint and a copy of his arbitration waiver. *See* Md. Code Ann., Cts & Jud. Proc. § 3-2A-06B(f)(1).

[7] The Court held, *inter alia*, that it lacked subject matter jurisdiction over Mizrach's suit because he had filed his complaint more than three years after the VA denied his administrative claim. ECF No. 28 at 8. The Court reasoned that the six-month FTCA time limit stated in 28 U.S.C. § 2401(b) was

4

alter the judgment; the Fourth Circuit affirmed in a judgment that took effect on December 11, 2013.[8]

On May 21, 2015, Mizrach filed the instant motion. ECF No. 44.[9] On July 14, 2015, the government opposed the motion. ECF No. 49. On September 11, 2015, Mizrach replied. ECF No. 54.

---

"jurisdictional and nonwaivable"; thus, equitable tolling did not apply. *Id.* at 7. However, even had equitable tolling applied, the Court found that Mizrach's failure to exercise due diligence in preserving his legal right meant that he was not entitled to equitable tolling. *Id.* at 8 n.11. The Court also found no misconduct by the government because it "had no duty to inform Mizrach of the requirements of Maryland's Health Care Malpractice Claims Act" and had complied with federal regulations requiring that, "in denying an administrative claim, the VA inform a claimant of his right to file a lawsuit in an appropriate U.S. District Court not later than 6 months after the date' of the denial." *Id.* at 13 (*quoting* 28 C.F.R. § 14.9(a)).

[8] *See* ECF No. 36; *Mizrach v. United States*, 539 F. App'x 284 (4th Cir. 2013) (unpublished) (per curiam); ECF No. 42 (Fourth Circuit Order denying petition for rehearing *en banc*); ECF No. 43 (Fourth Circuit Mandate); *see also Mizrach v. United States*, 134 S. Ct. 1947, 188 L. Ed. 2d 962 (2014) (U.S. Supreme Court's April 28, 2014 denial of Mizrach's petition for writ of certiorari).

[9] As a general rule, the filing of an appeal divests the district court of subject matter jurisdiction over matters related to the appeal. *Fobian v. Storage Tech. Corp.*, 164 F.3d 887, 890 (4th Cir. 1999); *Grand Jury Proceedings Under Seal v. United States*, 947 F.2d 1188, 1190 (4th Cir. 1991). A district court may not "deviate from the mandate issued by an appellate court but is bound thereby." *DuBuit v. Harwell Enterprises, Inc.*, 540 F.2d 690, 693 (4th Cir. 1976) (internal quotation marks and citation omitted). However, "the appellate mandate relates to the record and issues then before the court"; when "later events" arise, "the district judge is not flouting the mandate by acting on [a Rule 60(b) motion]." *Standard Oil Co. of California v. United States*, 429 U.S. 17, 18-19, 97 S. Ct. 31, 32, 50 L. Ed. 2d 21 (1976); *Doyle v. Padula*, 579 F. App'x 159, 160 (4th Cir.

5

II. Analysis

A. Standard of Review

Mizrach seeks (1) to file a supplemental pleading and amend the complaint in *Mizrach I* under Rule 15(c) and (d),[10] (2) for relief from judgment in *Mizrach I* and *Mizrach II* under Rule 60(b)[11] based on *United States v. Kwai Fun Wong*, 135 S. Ct. 1625, 191 L. Ed. 2d 533 (2015),[12] and (3) to reopen and consolidate *Mizrach I* and *II*. ECF No. 44 at 8. The government contends that because Mizrach is not entitled to Rule 60(b) relief, there is no basis to reopen and consolidate the cases or permit a supplemental pleading and amendment in *Mizrach I*. ECF No. 49 at 1-3. In reply, Mizrach counters that Rule 15 relief is independent from Rule 60(b) relief because "[t]he consideration

---

2014)(unpublished)(per curiam) (citing *Standard Oil* for the proposition that district courts may decide Rule 60(b) motions without leave of the appellate court); *Turpin v. United States*, 28 F.3d 1211, 1994 WL 328275, at *3 (4th Cir. 1994)(unpublished) (table opinion) ("[A] subsequent Rule 60(b) motion may allow the district court to deviate from the mandate."). Accordingly, the Court has subject matter jurisdiction to decide Mizrach's motion.

[10] Fed. R. Civ. P. 15(c) governs the relation back of an amendment to a pleading; Fed. R. Civ. P. 15(d) governs supplemental pleadings.

[11] Fed. R. Civ. P. 60(b).

[12] In *Kwai Fun Wong*, decided April 22, 2015, the U.S. Supreme Court held that FTCA time limits were non-jurisdictional and subject to equitable tolling. 135 S. Ct. at 1638.

6

and intent is different under each Rule." ECF No. 54 at 2. The Court must decide the appropriate standard of review.

When final judgment has been entered, a complaint may only be amended pursuant to a successful Rule 59(e) or 60(b) motion to alter the judgment. *See Laber v. Harvey*, 438 F.3d 404, 427-28 (4th Cir. 2006). To determine whether vacatur is merited, the Court generally "need not concern itself with either of those rules' legal standards"; rather, the Court "need only ask whether the amendment should be granted" under Rule 15. *Katyle v. Penn Nat. Gaming, Inc.*, 637 F.3d 462, 470-71 (4th Cir. 2011).[13]

However, *Laber*, *Katyle*, and their progeny,[14] involved relatively simpler circumstances in which courts dismissed a complaint in one suit, and the plaintiffs then filed a motion to alter the judgment and amend the complaint *in that suit*. Here, Mizrach seeks to amend the complaint in *Mizrach I*--a suit that has not been assigned to or consolidated before this Court. This Court cannot grant that relief unless it vacates its ruling

---

[13] "A conclusion that the district court abused its discretion in denying a motion to amend . . . is sufficient grounds on which to reverse the district court's denial of a Rule 59(e) motion." *Matrix Capital Mgmt. Fund, LP v. BearingPoint, Inc.*, 576 F.3d 172, 193 (4th Cir.2009) (internal quotation marks omitted).

[14] *See, e.g., Pederson v. United States*, No. 5:13-CT-3066-D, 2015 WL 2408219, at *1 (E.D.N.C. May 20, 2015); *Logar v. W. Virginia Univ. Bd. of Governors*, No. CIV.A. 1:10CV201, 2012 WL 243692, at *4 (N.D.W. Va. Jan. 25, 2012) aff'd, 493 F. App'x 460 (4th Cir. 2012).

in *Mizrach II* that equitable tolling was not available under the FTCA, and it lacked subject matter jurisdiction over that suit. Only then would issues of reopening and consolidating the suits before this Court, and amending the complaint in *Mizrach I*, become relevant.[15] Accordingly, the Court will first decide whether Mizrach is entitled to Rule 60(b) relief in *Mizrach II*.

B.  Relief Under Rule 60(b)

Under Rule 60(b), a party may seek relief from a final judgment or order by showing timeliness, a meritorious claim or defense, and a lack of unfair prejudice to the opposing party. *Aikens v. Ingram*, 652 F.3d 496, 501 (4th Cir. 2011).[16] After crossing this "initial threshold," the movant must also establish at least one ground for relief listed in Rule 60(b)'s six subsections: (1) mistake, inadvertence, surprise, or

---

[15] To avoid the FTCA time bar, Mizrach needs this Court to equitably toll the statute of limitations while he complied with Maryland's Health Care Malpractice Claims Act *and* consolidate the suits. Tolling the statute of limitations is insufficient; when Mizrach filed *Mizrach I*, he had three days remaining under the FTCA's six-month time bar. *See* ECF No. 1, Ex. A (VA's February 7, 2008 final claim denial); *Mizrach I*, ECF No. 1 (complaint filed August 5, 2008). On March 2, 2011, the Maryland ADR Office issued its order transferring the case to federal court. *See* ECF No. 1, Ex. D. However, Mizrach waited two months to initiate *Mizrach II*, far exceeding the three days he had left under the FTCA time bar. *See* ECF No. 1 (complaint filed May 2, 2011).

[16] The government argues that Mizrach has not shown that his motion is timely and has not presented a meritorious claim or defense; it has not asserted unfair prejudice. *See* ECF No. 49 at 5.

excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) a void judgment; (5) satisfaction, release, or discharge; or (6) any other reason justifying relief. *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993). A party seeking relief under Rule 60(b)(6) must demonstrate "extraordinary circumstances." *Gonzalez v. Crosby*, 545 U.S. 524, 536, 125 S. Ct. 2641, 2650, 162 L. Ed. 2d 480 (2005). Mizrach seeks relief under subsections (1) and (6). ECF No. 44 at 15. Neither is a basis for relief.

1. Threshold Requirements

    a. Timeliness

Any Rule 60(b) motion must be made within a "reasonable time," and, for reasons (1) through (3), never more than a year after entry of a judgment or order. Fed. R. Civ. P. 60(c).

    i. Rule 60(b)(1)

As a general rule, the one-year time limit applicable to Rule 60(b)(1) begins to run when the district court issues its judgment. *See Lepore v. Ramsey*, 149 F.R.D. 90, 91-92 (D. Md. 1993). However, to avoid a conflict between Rule 60(b)(1) and Federal Rule of Appellate Procedure 4(a),[17] Rule 60(b)(1) motions

---

[17] Fed. R. App. P. 4(a) provides that a notice of appeal must be filed within 30 days after the entry of the judgment or order being appealed.

based upon legal error[18] must generally be filed within the time for filing an appeal unless the change in law occurs after the filing of a timely notice of appeal. *Id.* at 92.[19] In that case, the movant may file the Rule 60(b)(1) motion in the district court and ask the appellate court to defer its decision. *Id.; see also* Fed. R. Civ. P. 62.1 (governing indicative rulings). However, in no instance may a district court grant relief under Rule 60(b)(1) when more than one year has lapsed since it issued its final judgment or order. *See, e.g., Home Port Rentals, Inc. v. Ruben*, 957 F.2d 126, 132 (4th Cir. 1992) ("Because [the movant] made his motion more than one year after the [default] judgment . . . was entered, [] he could not seek relief under Rule 60(b)(1).") (internal quotation marks omitted).

Here, the Court issued its final order dismissing the suit on February 7, 2012. ECF No. 29. Mizrach filed the instant motion on May 21, 2015, more than three years later. ECF No.

---

[18] "Mistake" under Rule 60(b)(1) may include legal errors arising from a post-judgment change in the law. *See United States v. Williams*, 674 F.2d 310, 313 (4th Cir. 1982) (*citing Tarkington v. United States Lines Co.*, 222 F.2d 358 (2nd Cir. 1955) (Rule 60(b) authorized motion to alter judgment based on post-judgment decision by the U.S. Supreme Court).

[19] *See also United States v. Real Prop. & Residence*, 920 F.2d 788, 791-92 (11th Cir. 1991).

10

1.[20] Accordingly, his motion is untimely under Rule 60(b)(1).

## ii. Rule 60(b)(6)

Although Rule 60(b)(6) motions are not subject to the one-year time limitation, they must be made within a "reasonable time." Fed. R. Civ. P. 60(c). Mizrach contends that his motion is timely because it was filed within a reasonable time after the U.S. Supreme Court issued its ruling in *Kwai Fun Wong*. ECF No. 44 at 15. The government contends that "the length of delay is measured against when the mandate is issued." ECF No. 49 at 6 (*citing McLawhorn v. John W. Daniel & Co.*, 924 F.2d 535, 538 (4th Cir. 1991). However, the government has misconstrued *McLawhorn*; there, the movant filed a Rule 60(b) motion three and a half months after the district court granted summary judgment; not, as the government contends, three and a half months after the Fourth Circuit's mandate issued. 924 F.2d at 538. Because a movant cannot bring a Rule 60(b) motion based on changed circumstances until those circumstances transpire, the Court must decide whether Mizrach filed his motion "within a reasonable time" after the U.S. Supreme Court decided *Kwai Fun Wong*. *See Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co.*, 466 F. Supp. 2d 560, 562 (S.D.N.Y. 2006) (finding that a 15-

---

[20] Mizrach filed his motion about a year and a half after the Fourth Circuit's judgment took effect, and more than a year after the U.S. Supreme Court denied cert. Thus, under any formulation, Mizrach's motion is untimely under Rule 60(b)(1).

11

month delay after the alleged changed circumstance was unreasonable).[21] The one-month delay from the U.S. Supreme Court's April 22, 2015 ruling in *Kwai Fun Wong* and Mizrach's May 21, 2015 filing of the complaint is reasonable.[22] Accordingly, Mizrach's motion is timely under Rule 60(b)(6).

     b. Meritorious Claim or Defense

Mizrach contends that *Kwai Fun Wong* "directly requires and allows equitable relief." ECF No. 44 at 3. The government contends that Mizrach "fails to present a meritorious claim" because this Court has previously rejected his claim for equitable relief. ECF No. 49 at 6.

---

[21] The time between the judgment and changed circumstance may be relevant to whether the non-movant would be prejudiced by vacatur. *Cf. Logar v. W. Virginia Univ. Bd. of Governors*, No. CIV.A. 1:10CV201, 2012 WL 243692, at *4 (N.D.W. Va. Jan. 25, 2012) aff'd, 493 F. App'x 460 (4th Cir. 2012) ("[T]he post-judgment climate is a major factor in the consideration of the other factors relevant to the inquiry" of whether leave to amend should be granted pursuant to the vacatur of an order dismissing a suit; in particular, "prejudice to the opposing party.") (*citing Laber*, 438 F.3d at 427). However, as noted above, the government has not argued that it would suffer unfair prejudice if the Court granted Mizrach's requested relief. *See supra* note 16.

[22] *Cf. Hummel v. Hall*, 868 F. Supp. 2d 543, 560 (W.D. Va. 2012) (Rule 60(b) motion made about one month after entry of default judgment was timely); *Clear Sky Car Wash, LLC v. City of Chesapeake Va.*, No. 2:12CV194, 2013 WL 1560358, at *5 (E.D. Va. Apr. 12, 2013) (same); *York v. Prop. & Cas. Ins. Co. of Hartford*, No. 2:12-CV-06582, 2013 WL 5504435, at *7 (S.D.W. Va. Oct. 3, 2013) aff'd, 592 F. App'x 148 (4th Cir. 2014)(Rule 60(b) motion was timely when brought less than three months after entry of default judgment and less than one month after movant became aware of the judgment).

*Kwai Fun Wong*, which addressed two lawsuits, held that the FTCA time bar is subject to equitable tolling; however, it remanded the suits for the district courts to decide whether equitable tolling was merited under the facts of each case. 135 S. Ct. at 1638. *Kwai Fun Wong* did not change the general rule that equitable tolling requires a movant to have diligently pursued his rights, yet been thwarted in meeting a deadline by "extraordinary circumstances." *Id.* at 1631 (*quoting Lozano v. Montoya Alvarez*, 134 S. Ct. 1224, 1231-1232, 188 L.Ed.2d 200 (2014)). Although this Court previously held that the FTCA time limit was not subject to equitable tolling, it considered whether Mizrach would be entitled to equitable tolling had the doctrine applied. ECF No. 28 at 8 n.11. The Court found that Mizrach's "fail[ure] to exercise due diligence in preserving his legal right" barred equitable tolling. *Id.* (finding that Mizrach had failed to timely file his suit because he misunderstood Maryland's Health Care Malpractice Claims Act, and its applicability to FTCA actions). The Court also found no government misconduct. *Id.* at 12-13. Nothing in *Kwai Fun Wong*--where the underlying suits involved court delay in adopting a magistrate judge's report and recommendation and late discovery of governmental misconduct--changes that analysis. *See Kwai Fun Wong*, 135 S. Ct. at 1630; *Lozano*, 134 S. Ct. at 1231-32; *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S. Ct. 453,

458, 112 L. Ed. 2d 435 (1990).

Further, a new rule of federal law retroactively applies only to "cases still open on direct review." *Harper v. Virginia Dep't of Taxation*, 509 U.S. 86, 97, 113 S. Ct. 2510, 2517, 125 L. Ed. 2d 74 (1993); *Etape v. Chertoff*, 497 F.3d 379, 388 (4th Cir. 2007) (applying *Harper* to retroactively apply its holding to cases open on direct review). When the U.S. Supreme Court decided *Kwai Fun Wong*, *Mizrach II* was closed and all appeals had been exhausted. *See supra* note 8. Thus, this Court may not retroactively apply *Kwai Fun Wong*. Accordingly, Mizrach has failed to demonstrate a meritorious claim or defense on the basis of *Kwai Fun Wong*; his motion will be denied.

2. Extraordinary Circumstances

Evan had Mizrach presented a meritorious claim, he has not demonstrated that "extraordinary circumstances" merit relief under Rule 60(b)(6). *See Gonzalez*, 545 U.S. at 536, 125 S. Ct. 2641 (requiring extraordinary circumstances). "It is well established that a change in decisional law is not grounds for relief from judgment under Rule 60(b)(6)." *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 774 F. Supp. 996, 1001 (S.D.W. Va. 1991) *aff'd*, 993 F.2d 46 (4th Cir. 1993); *see Agostini v. Felton*, 521 U.S. 203, 239, 117 S. Ct. 1997, 138 L.Ed.2d 391 (1997) ("Intervening developments in the law by themselves rarely constitute the extraordinary circumstances required for

relief under Rule 60(b)(6) . . . ."), quoted in *Oklahoma Chapter of Am. Acad. of Pediatrics v. Fogarty*, No. 05-5100, 2010 WL 3341881, at *2 (10th Cir. July 20, 2010).

In finding the FTCA time limit "jurisdictional and nonwaivable," this Court applied binding Fourth Circuit precedent. See ECF No. 28 at 7 (quoting *Gould v. U.S. Dep't of Health & Human Servs.*, 905 F.2d 738, 741 (4th Cir. 1990)). "It is hardly extraordinary that subsequently, after petitioner's case was no longer pending, [the U.S. Supreme Court] arrived at a different interpretation." *Gonzalez*, 545 U.S. at 536, 125 S. Ct. 2641 (denying Rule 60(b)(6) relief when the district court's interpretation of a statute of limitations "was by all appearances correct under the Eleventh Circuit's then-prevailing interpretation" of that statute). Accordingly, Mizrach has not shown "extraordinary circumstances"; for that additional reason, his motion will be denied.[23]

III. Conclusion

For the reasons stated above, Mizrach's motion will be denied.

11/12/15
Date

William D. Quarles, Jr.
United States District Judge

---

[23] Because Mizrach is not entitled to vacatur, his requests to reopen and consolidate *Mizrach I* and *II*, and to file a supplemental pleading and amend the complaint in *Mizrach I*, will be denied as moot.

15